FILED

2026 Jun-22  PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**MARISOL PEREZ HERNANDEZ,**
    Petitioner,

**v.**

**Case No. 7:25-cv-1844-CLM-NAD**

**BROTON, Warden, FCI Aliceville,**
    Respondent.

## MEMORANDUM OPINION

The magistrate judge has entered a report, recommending that the court dismiss Petitioner Marisol Perez Hernandez's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 11). Hernandez has filed a "Response to Defendant's Response to Show of Cause 28 U.S.C. 2241," (doc. 12), which the court construes as objections to the magistrate judge's report and recommendation. Although Hernandez's objections are untimely, the court will consider them in deciding whether to adopt the magistrate judge's report and accept his recommendation.

Hernandez first objects to the finding that she did not exhaust her administrative remedies and argues that FCI Aliceville staff actively prevented her from pursuing those remedies. (Doc. 12, pp. 1–2). But even if Hernandez could prevail on this argument, the magistrate judge also considered her petition on the merits. (Doc. 11, pp. 9–14). Hernandez may be objecting to the magistrate judge's merits findings as well, (*see* doc. 12, pp. 2–9), but she merely repeats the arguments she made in reply to the respondent's response to the magistrate judge's order to show cause (*see* doc. 10). For example, Hernandez argues that the Bureau of Prisons ("BOP") is wrongfully denying First Step Act credits to prisoners with detainers. (Doc. 12, pp. 3–5). Hernandez, however, is not a prisoner with a detainer. She is a prisoner with a final order of removal. (*See* Doc. 8-4, p. 2; Doc. 8-5, p. 2).

And while Hernandez argues that BOP is following "bogus memo[s]" to deny her First Step Act credits, (doc. 12, p. 5), the prohibition of the application of time credits to a prisoner with a final order of removal is statutory. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . ."). Nor is BOP improperly withholding Hernandez's First Step Act credits because her final order of removal wasn't issued by an immigration judge. As the magistrate judge explained, aliens, like Hernandez, convicted of aggravated felonies may be subjected to expedited removal proceedings without a hearing before an immigration judge. (Doc. 11, pp. 11–12 (citing 8 U.S.C. § 1228(b) and 8 C.F.R. § 238.1)). So Hernandez has a valid final order of removal and is thus ineligible to apply her First Step Act credits to prerelease custody.

After considering the record, including the magistrate judge's report and Hernandez's objections, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will deny and dismiss without prejudice Hernandez's habeas petition.

The court will enter a separate final judgment that carries out this ruling.

**DONE** and **ORDERED** on June 22, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

2